UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SLADJANA PERISIC, on behalf of herself and
others similarly situated,

    Plaintiff,

v.                                                    Case No.: 8:16-cv-3255-EAK-SPF

ASHLEY FURNITURE INDUSTRIES, INC., a
Wisconsin corporation,

    Defendant.
_____

## ORDER

This cause is before the Court *sua sponte*.

On November 23, 2016, Plaintiff, Sladjana Perisic, filed a purported class action complaint (Doc. 1) against Defendant, Ashley Furniture Industries, Inc. ("AFI"), on behalf of herself and all other persons who purchased furniture with DuraBlend® upholstery from AFI in Florida. Plaintiff's complaint alleged that AHI knew that its DuraBlend® furniture, in fact, did not consist of leather and was not of similar quality, but nevertheless promoted, marketed, advertised, and sold its DuraBlend® furniture to Plaintiff and the other class members as a high-quality, durable leather product. Plaintiff asserted claims under Florida's Deceptive and Unfair Trade Practices Act (Count I) and common law and equitable claims for fraudulent misrepresentation (Count II) and unjust enrichment (Count III).

Plaintiff filed her motion for class certification (Doc. 35) on January 23, 2018, which the Court referred to the Magistrate Judge for a Report and Recommendation ("R&R"). Through his well-reasoned R&R (Doc. 99), the Magistrate Judge recommended that Plaintiff's motion be denied because the class she proposed was not adequately defined and clearly ascertainable, and because she failed to satisfy the requirements of Federal Rule of Civil Procedure 23(a) and

23(b)(3). Through separate Order (Doc. 105), the Court adopted the Magistrate Judge's R&R and denied Plaintiff's motion. That being the case, the Court questions whether it retains subject matter jurisdiction over Plaintiff's individual claims.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994) (citations omitted). Here, Plaintiff's complaint alleges subject matter jurisdiction under the Class Action Fairness Act ("CAFA"), Pub. L. No. 109–2, 119 Stat. 4, which is codified at 28 U.S.C. §§1332(d). *See* (Doc. 1, at ¶3). CAFA gives district courts original jurisdiction over civil class action lawsuits in which the proposed class is comprised of at least 100 members, there is minimal diversity (*i.e.*, at least one plaintiff class member is diverse from at least one defendant), and the aggregate amount in controversy exceeds $5 million. *See* 28 U.S.C. §§ 1332(d)(2), (5)(b); *see also Dudley v. Eli Lilly & Co.*, 778 F.3d 909, 911 (11th Cir. 2014). Because the Court denied class certification, however, CAFA is inapplicable. Consequently, in a diversity case such as this one,[1] where Plaintiff alleges only state law causes of action, the Court has subject matter jurisdiction only if the amount in controversy exceeds $75,000. *See* 28 U.S.C. §1332(a). However, the complaint does not allege damages for any individual Plaintiff exceeding the $75,000 amount in controversy requirement, and thus the Court's subject matter jurisdiction under Section 1332(a) appears lacking.[2]

---

[1] Plaintiff is a citizen of Florida. *See* (Doc. 1, at ¶5). AFI is a citizen of Wisconsin. *Id.* at ¶6; *see McConico v. Cochran Firm*, 581 F. App'x 838 (11th Cir. 2014) (unpublished) ("A corporation is a citizen of its state of incorporation and of the state where it has its principal place of business.") (citing 28 .U.S.C. § 1332(c)(1)).

[2] The only damages claim specifically alleged in the complaint is the $5,000,000 claimed by the purported class. *See* (Doc. 1, at ¶3). While Plaintiff alleges that she spent $1,700 on the DuraBlend® furniture, *see* (Doc. 1, at ¶14), she does not specifically claim that amount as damages, and, in any event, that amount is well below the jurisdictional threshold.

Although Florida district courts considering the issue of whether subject matter jurisdiction under CAFA survives denial of class certification have reach differing results, *compare Clausnitzer v. Fed. Express Corp.*, 621 F. Supp. 2d 1266 (S.D. Fla. 2008) (concluding subject matter jurisdiction under CAFA was lost after denial of class certification) *with Colomar v. Mercy Hosp., Inc.*, Case No. 1:05-cv-22409-PAS, 2007 WL 2083562, at *2 (S.D. Fla. July 20, 2007) (concluding removal jurisdiction survived after class certification was denied and after the only diverse defendant was dismissed), the Eleventh Circuit, in a recent unpublished opinion, affirmed the district court's dismissal "on the grounds that absent certification as a class action, the district court lack[ed] subject matter jurisdiction over [plaintiff's] individual claim," because his damages "clearly [did] not exceed $75,000," *see Walewski v. Zenimax Media, Inc.*, 502 F. App'x 857 (11th Cir. 2012) (per curiam). And several cases decided after *Walewski* have found likewise. *See, e.g., Carroll v. Lowes Home Centers, Inc.*, Case No. 1:12-cv-23996-ASG, (Doc. 56, at 1), (S.D. Fla. June 3, 2014) (dismissing case for lack of subject matter jurisdiction after denial of class certification); *Karhu v. Vital Pharm., Inc.*, Case No. 0:13-cv-60768–JIC, 2014 WL 1274119 (S.D. Fla. March 27, 2014) ("CAFA jurisdiction disappears upon a definitive denial of class certification[.]"). While not binding, the Court finds that *Walewski*, at a minimum, renders the Court's subject matter jurisdiction in this case unclear. Due to the uncertainty, the Court will order the parties to brief this jurisdictional issue.

Accordingly, it is

**ORDERED** that the parties shall **SHOW CAUSE** within fourteen (14) days of this Order as to why this case should not be dismissed for lack of subject matter jurisdiction. It is **FURTHER ORDERED** that the Clerk shall administratively close this case pending the Court's determination of its jurisdiction over plaintiff's claims and terminate all pending motions.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida this 15th day of August, 2018.

_____
ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies Furnished To:

Counsel/Parties of Record