UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

TAMPA DIVISION

CASE NO. 8:16-cv-03255-EAK-MAP

SLADJANA PERISIC, on behalf of
herself and others similarly situated,

    Plaintiff,

vs.

ASHLEY FURNITURE INDUSTRIES, INC.,
a Wisconsin corporation,

    Defendant.
_____/

**PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE
RE: DISMISSAL FOR LACK OF SUBJECT MATTER JURISDICTION**

    On August 15, 2018, the Court *sua sponte* ordered the parties to show cause why this action should not be dismissed for lack of subject matter jurisdicition, in light of the Court's August 13, 2018 order denying Plaintiff's motion for class certification. *See* Dkt #107. In light of the authorities cited herein, it is clear that the Court *retains* subject matter jurisdiction under CAFA after denial of class certification.

    The Eleventh Circuit held in *Vega v. T-Mobile USA, Inc.,* 564 F.3d 1256, 1268 n.12 (11th Cir. 2009) that federal jurisdiction under the Class Action Fairness Act ("CAFA") does not depend on certification. *Id*. at 1268 n.12. The Seventh Circuit echoed this holding in *Cunningham Charter Corp. v. Learjet, Inc.*, 592 F.3d 805, 806-807 (7th Cir. 2010).

The Honorable Richard A. Posner explained in *Cunningham* that "jurisdiction attaches when a suit is *filed* as a class action, and that invariably precedes certification." *Id.* at 806 (original italics); *see also Wright Transportation, Inc. v. Pilot Corporation*, 841 F.3d 1266, 1271 (11th Cir. 2016) ("jurisdictional facts are assessed at the time of removal, and post-removal events (including non-certification, decertification, or severance) do not deprive federal courts of subject matter jurisdiction"), citing *Vega, supra*, at 1267-1268; *Dudley v. Eli Lilly & Co.*, 778 F.3d 909, 913 (11th Cir. 2014) ("We also underscore that jurisdictional facts are evaluated as they stand at the time of removal"); *Miedema v. Maytag Corp.*, 450 F.3d 1322, 1331 (11th Cir. 2006) ("Jurisdictional facts are assessed on the basis of plaintiff's complaint *as of the time of removal*."), original italics, citing *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001) and *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097 n. 13 (11th Cir. 1994); *Colomar v. Mercy Hosp., Inc.*, 2007 WL 2083562, *3 (S.D.Fla.) ("case developments subsequent to removal do not alter the courts' CAFA jurisdiction, if jurisdiction was proper at the time of removal").

Judge Posner also pointed out that the Seventh Circuit's ruling in *Cunningham* was consistent with the Eleventh Circuit's ruling in *Vega*:

> We assumed in *Bullard v. Burlington Northern Santa Fe Ry.*, 535 F.3d 759, 762 (7th Cir. 2008), that federal jurisdiction under the Class Action Fairness Act does not depend on certification, and we now join *Vega v. T-Mobile USA, Inc.* 564 F.3d 1256, 1268 n.12 (11th Cir. 2009), in so holding.

*Id.* Judge Posner explained the rationale behind these rulings:

> Our conclusion vindicates the general principle that jurisdiction once properly invoked is not lost by developments after a suit is filed. … Behind the principle that jurisdiction once obtained normally is secure is a desire to minimize expense and delay. If at all possible, therefore, a case should stay in the system that first acquired jurisdiction. It should not be shunted between court systems; litigation is not ping-pong.

*Id.* at 807. The Eleventh Circuit further noted in *Wright, supra*, that "[e]very circuit that has addressed the question has held that post-removal events do not oust CAFA jurisdiction." *Id*. at 1271, citing *Louisiana v. American Nat. Property Cas. Co.*, 746 F.3d 633, 639 (5th Cir. 2014) (collecting cases from the Sixth, Seventh, Eighth, Ninth, and Eleventh Circuits) and *In Touch Concepts, Inc. v. Cellco Partnership*, 788 F.3d 98, 102 (2nd Cir. 2015) ("[W]e join the Seventh Circuit in holding that jurisdiction under CAFA is secure even though, after removal, the plaintiffs amended their complaint to eliminate the class allegations."); *see also Stalley v. ADS Alliance Data Systems, Inc.*, 2014 WL 348564 at *4 (M.D.Fla.).

In *Puerto Rico Coll. of Dental Surgeons v. Triple S Mgmt. Inc.*, 2013 WL 4806454, (D.P.R. 2013), after having found no case on point from the First Circuit, the district court looked around the country for guidance of whether it still had jurisdiction after denying class certification:

> Whether a federal court retains jurisdiction under CAFA following denial of class certification is an open question in the First Circuit. *See College of Dental Surgeons of Puerto Rico v. Conn. Gen. Life Ins. Co.,* 585 F.3d 33, 42 (1st Cir.2009) (expressing "no opinion on this question").
>
> The Sixth, Seventh, Eighth, Ninth, and Eleventh Circuits have concluded that jurisdiction is not divested upon the denial of class certification. *Metz v. Unizan Bank*, 649 F.3d 492, 500 (6th Cir. 2011); *Buetow v. A.L.S. Enterprises, Inc.*, 650 F.3d 1178 n. 2 (8th Cir. 2011); *Cunningham Charter Corp. v. Learjet, Inc.*, 592 F.3d 805, 806-807 (7th Cir. 2010); *United Steel Int'l Union v. Shell Oil Co.*, 602 F.3d 1087, 1089 (9th Cir. 2010); *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1268 (11th Cir. 2009). District courts in the Second, Fifth, and Tenth Circuits have also held that jurisdiction is not divested when a class is not certified. *In Touch Concepts, Inc. v. Cellco Partnership*, 2013 WL 2455923, at *11 (S.D.N.Y. 2013); *Burdette v. Vigindustries Inc.*, 2012 WL 5505095 (D.Kan. 2012) (retaining jurisdiction under CAFA, predicting that the Tenth Circuit would follow "consistent authority from other circuit courts ..."); *Louisiana v. AAA Ins.*, 2011 WL 5118859, at *5 (E.D.La. 2011) (stating that "district courts within the Fifth

> Circuit have consistently held that federal jurisdiction under CAFA is not dependent upon class certification"). We will follow the Sixth, Seventh, Eighth, Ninth, and Eleventh Circuits, and retain jurisdiction despite our denial of class certification.

*Id*. at *1.

The authorities cited in the August 15, 2018 order to show cause either fail to directly address the jurisdictional issue or are inconsistent with the Eleventh Circuit's holdings in *Vega* and *Wright*. As the Court points out, *Walewski v. Zenimax Media, Inc.*, 502 F.Appx. 857, 862 (11th Cir. 2012) is an unpublished decision that is not binding on the Court. In *Carroll v. Lowes Home Centers, Inc.*, 2014 WL 1928669 (S.D.Fla.), the action was not removed under CAFA but under federal question jurisdiction (*see* 1:12-cv-23996, Dkt #1 at 1-5); and the district court did not hold that it did not have jurisdiction but rather issued an order to show cause, in response to which the parties asked the court to dismiss the case (*see id.* at Dkt #56 at 1). In *Karhu v. Vital Pharmaceuticals, Inc.*, 2014 WL 1274119 (S.D.Fla.), the district court noted that courts are split on the issue of CAFA jurisdiction post-denial of class certification and, relying on the unpublished decision in *Walewski*, chose the side that since has become the minority approach after a consensus has developed among the circuits to recognize district courts' continuing jurisdiction after denial of class certification or dismissal of class allegations. *See Wright, supra*, at 1271. Finally, in *Clausnitzer v. Federal Exp. Corp.*, 621 F.Supp.2d 1266 (S.D.Fla. 2008), the district court acknowledged it was deciding the issue without the benefit of Eleventh Circuit authority (*id*. at 1286) and has been criticized by other courts. *See, e.g., Long v. Dick's Sporting Goods, Inc.*, 2010 WL 2044524, *2 (W.D.Ky.).

///

Accordingly, because the Court has continuing jurisdiction over this matter under CAFA, Plaintiff respectfully requests that the Court discharge the Order to Show Cause and not dismiss the matter.

Dated: August 29, 2018

Respectfully submitted,

By: */s/ Mikael H. Stahle*

Matthew J. Matern (*Pro Hac Vice*)
Mikael H. Stahle (*Pro Hac Vice*)
**MATERN LAW GROUP, PC**
1230 Rosecrans Avenue, Suite 200
Manhattan Beach, California 90266
Telephone: (310) 531-1900
Facsimile: (310) 531-1901
mmatern@maternlawgroup.com
mstahle@maternlawgroup.com

Julie Braman Kane, Fl. Bar No. 980277
Stephanie A. Casey, Fl. Bar No. 97483
**COLSON HICKS EIDSON, P.A.**
255 Alhambra Circle, Penthouse
Coral Gables, Florida 33134
Telephone: (305) 476-7400
Facsimile: (305) 476-7444
julie@colson.com
scasey@colson.com

*Counsel for Plaintiff and Putative Class*

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 29th day of August, 2018, I electronically filed a true and correct copy of the foregoing **Plaintiff's Response to Order to Show Cause re: Dismissal for Lack of Subject Matter Jurisdiction** with the Clerk of the Court for the United States District Court for the Middle District of Florida using the CM/ECF system, which will send notification of such filing to all counsel of record (see below Service List).

BY: <u>/s/ Mikael H. Stahle</u>
Mikael H. Stahle
Admitted *Pro Hac Vice*
mstahle@maternlawgroup.com

**SERVICE LIST**

**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA – TAMPA DIVISION**

*Sladjana Perisic v. Ashley Furniture Industries, Inc.*
Case No. 8:16-cv-03255-EAK-MAP

| | |
|---|---|
| Mitchell E. Widom<br>Fl. Bar No. 473911<br>Email:  mwidom@bilzn.com<br>Lori P. Lustrin<br>Fl. Bar No. 59228<br>Email:  llustrin@bilzn.com<br>Bilzin Sumberg Baena Price<br>& Axelrod, LLP<br>1450 Brickell Avenue, Suite 2300<br>Miami, Florida 33131<br>Tel:  (305) 374-7580<br>Fax:  (305) 374-7593<br>*Counsel for Defendant* | Julie Braman Kane<br>Fl. Bar No. 980277<br>Email:  julie@colson.com<br>Stephanie A. Casey<br>Fl. Bar No. 97483<br>Email:  scasey@colson.com<br>Colson Hicks Eidson, P.A.<br>255 Alhambra Circle, Penthouse<br>Coral Gables, Florida 33134<br>Tel:  (305) 476-7400<br>Fax:  (305) 476-7444<br>*Counsel for Plaintiff and Putative Class* |
| Mark D. Campbell (*Pro Hac Vice*)<br>Email:  mcampbell@sidley.com<br>Rachel A. Straus (*Pro Hac Vice*)<br>Email:  rstraus@sidley.com<br>Sidley Austin, LLP<br>555 West Fifth Street, 40th Floor<br>Los Angeles, California 90013<br>Tel:  (213) 896-6000<br>Fax:  (213) 896-6600<br>*Counsel for Defendant* | Matthew J. Matern (*Pro Hac Vice*)<br>Email:  mmatern@maternlawgroup.com<br>Mikael H. Stahle (*Pro Hac Vice*)<br>Email:  mstahle@maternlawgroup.com<br>Matern Law Group, PC<br>1230 Rosecrans Avenue, Suite 200<br>Los Angeles, California 90266<br>Tel:  (310) 531-1900<br>Fax:  (310) 531-1901<br>*Counsel for Plaintiff and Putative Class* |