UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SLADJANA PERISIC, *on behalf of herself and others similarly situated*,

    Plaintiff,

v.

Case No.: 8:16-cv-3255-EAK-SPF

ASHLEY FURNITURE INDUSTRIES, INC., *a Wisconsin corporation*,

    Defendant.

## ORDER

**THIS CAUSE** is before the Court on the parties' respective responses to the Court's show cause order. (Docs. 108, 109). The Court must decide whether it properly exercises subject matter jurisdiction over Plaintiff's state statutory and common law claims. Upon review, and as set forth more fully below, the Court finds that it does not. This action is accordingly due to be dismissed without prejudice.

### I. Background

On November 23, 2016, Plaintiff, Sladjana Perisic, filed a putative class action complaint against Defendant, Ashley Furniture Industries, Inc. ("**AFI**"), on behalf of herself and all other persons who purchased furniture with DuraBlend® upholstery from AFI in Florida. (Doc. 1). Plaintiff's complaint alleged that AFI knew that its DuraBlend® furniture, in fact, did not consist of leather and was not of

similar quality, but nevertheless promoted, marketed, advertised, and sold its DuraBlend® furniture to Plaintiff and the other putative class members as a high-quality, durable leather product. Id. at ¶¶2, 7–11, 14–19. Plaintiff asserted claims under Florida's Deceptive and Unfair Trade Practices Act (Count I) and common law and equitable claims for fraudulent misrepresentation (Count II) and unjust enrichment (Count III). Id. at ¶¶29–51. Plaintiff alleged federal subject matter jurisdiction pursuant to the Class Action Fairness Act ("**CAFA**"), Pub. L. No. 109–2, 119 Stat. 4 (codified in 28 U.S.C. §§1332(d), 1453, 1711–1715). Id. at ¶3.

Plaintiff filed her motion for class certification on January 23, 2018, which the Court referred to the Magistrate Judge for a Report and Recommendation ("R&R"). (Doc. 35). Through his well-reasoned R&R, the Magistrate Judge recommended that Plaintiff's motion for class certification be denied because the class she proposed was not adequately defined and clearly ascertainable, and because she failed to satisfy the requirements of Federal Rule of Civil Procedure 23(a) and 23(b)(3). (Doc. 99). Through separate Order, the Court overruled Plaintiff's objections, adopted the Magistrate Judge's R&R, and denied Plaintiff's motion for class certification. (Doc. 105).

Because CAFA is the only basis for federal subject matter jurisdiction alleged in Plaintiff's complaint, the Court was concerned that it no longer had subject matter jurisdiction over Plaintiff's remaining individual claims. Specifically, upon review

of the Eleventh Circuit's opinion in <u>Walewski v. Zenimax Media, Inc.</u>, 502 F. App'x 857 (11th Cir. 2012) (unpublished), the Court believed that, having denied class certification, CAFA jurisdiction was no longer applicable. And because the only allegation as to Plaintiff's individual damages was that she paid $1,700 for her DuraBlend® furniture set, <u>see</u> (Doc. 1, at ¶14), the Court saw no other bases to exercise federal subject matter jurisdiction over Plaintiff's claims. Accordingly, on August 15, 2018, the Court ordered the parties to show cause why this action should not be dismissed for lack of subject matter jurisdiction in light of the Court's denial of Plaintiff's motion for class certification. (Doc. 107).

Plaintiff responded to the Court's show cause Order on August 30, 2018. (Doc. 109). Through her response, Plaintiff contends that federal subject matter jurisdiction under CAFA survives denial of class certification, and that the Court accordingly retains original jurisdiction over Plaintiff's remaining, individual claims. <u>Id.</u> For its part, AFI takes no position on the issue. (Doc. 108).

**II.** <u>**Discussion**</u>

The question this action presents is clear enough: in a putative class action lawsuit filed directly in federal court, invoking federal subject matter jurisdiction pursuant to CAFA, and alleging solely state and common law causes of action, does the district court retain jurisdiction over a plaintiff's remaining, individual claims even after denial of class certification? Upon consideration, however, the answer to

3

that question is less clear due to the Eleventh Circuit's inconsistent treatment of district courts' continuing CAFA jurisdiction in failed class action cases.

The earliest circuit court decision to address the issue of a district court's continuing subject matter jurisdiction under CAFA after denial of class certification was the Eleventh Circuit's decision in Vega v. T–Mobile USA, Inc., 564 F.3d 1256 (11th Cir. 2009). In Vega, the plaintiff, a former employee of T-Mobile USA, Inc. ("**T-Mobile**"), filed a putative class action lawsuit in Florida state court against T-Mobile, alleging that T-Mobile unlawfully withheld sales commissions from its employees. Id. at 1256–1262. T-Mobile subsequently removed the action to federal court pursuant to CAFA. Id. at 1263. The plaintiff then filed his motion for class certification, which the district court granted. Id. at 1264. T-Mobile appealed. Id.

On review, the panel determined that the district court's class-certification analysis contained "numerous flaws," and that the proposed class was "not amenable to Rule 23 certification." Id. at 1260. The panel concluded that the district court abused its discretion in finding the numerosity requirement of Federal Rule of Civil Procedure 23 satisfied because the record contained no Florida-only evidence of sufficient numerosity. Id. at 1267–68. In a footnote to its discussion of numerosity, the panel noted that failure to show numerosity "does not divest the federal courts of subject matter jurisdiction under [] CAFA," even though it gives rise to the possibility that there are fewer than one hundred members of the class, because

4

"jurisdictional facts are assessed at the time of removal; and post-removal events (*including non-certification*, de-certification, or severance) *do not deprive federal courts of subject matter jurisdiction.*" Id. (emphasis added).

As it was unnecessary to the panel's ultimate decision, however, the panel's footnoted discussion of the jurisdictional impact of a plaintiff's failure to satisfy the numerosity requirement is *dicta*. Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 762 (11th Cir. 2010) ("Statements in an opinion that are not fitted to the facts, that extend further than the facts of that case, or that are not necessary to the decision of an appeal given the facts and circumstances of the case are *dicta*."). Consequently, the Vega panel's discussion of CAFA subject matter jurisdiction after denial of class certification was "not binding on anyone for any purpose." Edwards v. Prime, Inc., 602 F.3d 1276, 1298 (11th Cir. 2010). Nonetheless, other circuits seized on the Vega panel's *dicta* in support of the position that post-removal events do not oust district courts of CAFA jurisdiction. See, e.g., Louisiana v. Am. Nat. Prop. Cas. Co., 746 F.3d 633, 639 (5th Cir. 2014) (citing Vega and holding that voluntary dismissal of class allegations and subsequent severance of individual plaintiff's case post-removal did not divest district court of CAFA jurisdiction); Metz v. Unizan Bank, 649 F.3d 492, 500 (6th Cir. 2011) (citing Vega and holding that denial of class certification post-removal did not divest district court of CAFA jurisdiction)

(citations omitted); Cunningham Charter Corp. v. Learjet, Inc., 592 F.3d 805, 806–07 (7th Cir. 2010) (same).

Notwithstanding the subsequent endorsement by other circuits of its *dicta* in Vega, however, the Eleventh Circuit has not treated consistently cases in which federal subject matter jurisdiction is predicated on CAFA, but where the plaintiff's class claims later fail. Compare Wright Transportation, Inc. v. Pilot Corp., 841 F.3d 1266 (11th Cir. 2016) with Walewski, 502 F. App'x 857.

For example, in Walewski, the Eleventh Circuit appeared to definitively (although not explicitly) reject its earlier *dicta* in Vega. 502 F. App'x at 862. In Walewski, the plaintiff filed a putative class-action lawsuit against two videogame manufacturers in the Orlando Division of this District, alleging that the manufacturers' videogame violated state consumer protection laws. Id. at 859. The plaintiff alleged subject matter jurisdiction pursuant to CAFA. Id. The plaintiff subsequently filed a motion for class certification, proposing to certify a class of all persons in the United States who had purchased the videogame. Id. The Magistrate Judge recommended denial of the plaintiff's motion, finding, *inter alia*, that his proposed class was not adequately defined or clearly ascertainable. Id. Over the plaintiff's objections, U.S. District Judge John Antoon II adopted the Magistrate Judge's recommendations and dismissed the plaintiff's complaint without leave to

amend due to the plaintiff's resulting lack of standing. Id. at 859–60. The plaintiff appealed. Id.

On review, the panel held that the district court did not abuse its discretion in denying class certification and affirmed the district court's dismissal of the lawsuit. Id. at 861–862. With respect to dismissal, however, the panel affirmed the district court's decision not on standing grounds but "on the grounds that *absent certification as a class action, the district court lack[ed] subject matter jurisdiction over [the plaintiff's] individual claim.*" Id. at 862. (emphasis added) (citation omitted). Finding CAFA inapplicable, the panel reasoned:

> In a diversity case such as this one, the district court only has jurisdiction if the amount in controversy exceeds $75,000. [The plaintiff] alleges that the only damages he suffered are the difference in value between the video game as represented and as is. That difference clearly does not exceed $75,000, and for that reason the district court lacks subject matter jurisdiction.

Id. (citations omitted). Thus, after Walewski, it appeared that a district court's subject matter jurisdiction was extinguished upon definitive denial of class certification, assuming no other bases for subject matter jurisdiction (aside from CAFA) existed. And indeed, at least two district courts in this circuit have dismissed putative CAFA class actions in reliance on the Walewski panel's rationale. See, e.g., Carroll v. Lowes Home Centers, Inc., No. 1:12-cv-23996-ASG, (Docs. 51, 56), (S.D.

Case No.: 8:16-cv-3255-EAK-SPF

Fla. June 4, 2014); Karhu v. Vital Pharm., Inc., No. 0:13-cv-60768-JIC, 2014 WL 1274119, at *3 (S.D. Fla. Mar. 27, 2014), aff'd, 621 F. App'x 945 (11th Cir. 2015).[1]

Four years after its decision in Walewski, however, and without any reference to that opinion, the Eleventh Circuit reversed course in Wright Transportation, Inc. v. Pilot Corp., 841 F.3d 1266 (11th Cir. 2016). In Wright, the plaintiff, Wright Transportation Inc. ("**Wright**"), an Alabama trucking company, brought a putative class action lawsuit against Pilot Corp., the largest chain of truck stops in the United States, and five other defendants (collectively, "**Pilot**") in the U.S. District Court for the Southern District of Alabama. Id. at 1267. Wright alleged that Pilot had violated the parties' fuel-discount agreement, as well as similar agreements with several other trucking companies. Id. Wright asserted multiple claims against Pilot under both state and federal law: (1) violations of 18 U.S.C. § 1962(c) for racketeering; (2) violation of 18 U.S.C. § 1962(d) for conspiracy to commit racketeering; (3) breach of contract under state law; (4) deceptive trade practices in violation of state law; (5) unjust enrichment under state law (brought on behalf of only a subset of class members in states with such laws); (6) fraudulent misrepresentation under state law;

---

[1] The Court notes that, like this Court did in the instant case, at least one other district court in this circuit relied on Walewski in issuing a show cause order that required the parties to show cause why the action should not be dismissed for lack of subject matter jurisdiction after the court denied class certification. See, e.g., Gelfound v. Metlife Ins. Co. of Connecticut, 313 F.R.D. 674, 680 (S.D. Fla. 2016). However, the action was later dismissed by stipulation of the parties without need for the district court to issue an order on the merits.

(7) negligent misrepresentation under state law; and (8) suppression of the proper discounts owed to the class members under state law. Id. at 1268. Wright alleged several bases for federal subject matter jurisdiction over all its claims: (1) federal-question jurisdiction under 28 U.S.C. § 1331 for the federal racketeering claims; (2) diversity jurisdiction under 28 U.S.C. § 1332(a); (3) jurisdiction under CAFA; and (4) supplemental jurisdiction under 28 U.S.C. § 1367. Id.

The district court dismissed both of Wright's federal racketeering claims, its state-law claims for fraudulent misrepresentation, negligent misrepresentation, and suppression of discounts, and its deceptive practices claim. Id. The district court also dismissed all the class claims asserted in the complaint due to a court-approved settlement reached in a rival class-action suit in the United States District Court for the Eastern District of Arkansas, which Wright conceded deprived it of standing to pursue its class claims. Id. at 1268–69. Thus, the only claims that survived were Wright's individual, state common law breach of contract and unjust enrichment claims. Id. at 1269.

Subsequently, Wright's lawsuit was consolidated with six other lawsuits brought against Pilot by parties who had opted out of the nationwide class settlement approved by the Eastern District of Arkansas. Id. These seven cases then continued as one multi-district litigation proceeding in the United States District Court for the Eastern District of Kentucky (the "**MDL court**"). Id. However, the MDL court later

discovered that a "sub-sub-sub-sub-member" of one of Pilot's limited liability companies was, like Wright, a citizen of Alabama at the time Wright filed its suit, depriving the MDL court of diversity jurisdiction over the case. Id. Pilot urged the MDL court to retain jurisdiction over Wright's lawsuit under CAFA. Id. Over Pilot's urging, however, the MDL court remanded the case to the Southern District of Alabama. Id.

On remand to the Southern District of Alabama, Wright moved to dismiss its remaining state law claims without prejudice so that it could refile in Alabama state court. Id. In opposition, Pilot countered that the district court had original jurisdiction under CAFA and, alternatively, that it should continue to retain supplemental jurisdiction. Id. Citing to Vega, the district court dismissed Pilot's argument in a footnote:

> The defendants insist that post-filing events do not divest a court of CAFA jurisdiction. This may be so, but it is irrelevant; the dismissal of the CAFA (and [racketeering]) claims means the Court has dismissed all claims over which it has original jurisdiction, which means its statutorily granted discretion to decline to exercise supplemental jurisdiction has been triggered.

Id. at 1269 –70 (quoting Wright Transp., Inc. v. Pilot Corp., No. 2:14-cv-68-ART, 2015 WL 6511306, at *2 n.2 (S.D. Ala. Oct. 27, 2015) (internal quotations and citations omitted). The district court "found no compelling argument for exercising supplemental jurisdiction over Wright's state-law claims and dismissed them

without prejudice so Wright could refile them in state court." Id. (internal quotations and alterations omitted). Pilot appealed. Id.

On appeal, Pilot argued that, because CAFA conferred original jurisdiction over all of Wright's claims at the time Wright filed them, the district court's subject matter jurisdiction under CAFA survived dismissal of Wright's class claims. Id. To that end, Pilot asked the Eleventh Circuit "to rule that once this original jurisdiction is conferred under CAFA, it sticks for the entire life of the case, such that it could not be destroyed by later events like the class settlement in the Eastern District of Arkansas." Id. For its part, the Wright panel framed the issue as "whether federal courts that are given original subject-matter jurisdiction over state-law claims by [CAFA] retain that jurisdiction even when the class claims are dismissed before the class is certified." Id. at 1267.

Relying on its *dicta* in Vega, in addition to opinions issued by the Second, Fifth, Sixth, Seventh, Eighth, and Ninth circuits, the panel held that the district court erred in dismissing the lawsuit and concluded that "CAFA continue[d] to confer original federal jurisdiction over [Wright's] remaining state-law claims . . . *even after later events meant there would be no class*." Id. at 1271–72, 1273 (citing In Touch Concepts, Inc. v. Cellco P'ship, 788 F.3d 98, 102 (2d Cir. 2015); Louisiana, 746 F.3d at 639 (collecting cases from the Sixth, Seventh, Eighth, and Ninth Circuits); Cunningham Charter Corp. v. Learjet, Inc., 592 F.3d 805 (7th Cir. 2010))

11

(emphasis added). Notably, the panel made it a point to explain that its decision made no distinction between cases that were removed from state court pursuant to CAFA and cases that were filed directly in federal court pursuant to CAFA; in both instances, CAFA continues to confer original federal jurisdiction over an individual plaintiff's remaining state-law claims notwithstanding denial of class certification. Wright, 841 F.3d at 1272. The panel went on to explain, however, that there are *two scenarios* where claims filed in, or removed to, federal court under CAFA can be dismissed for lack of jurisdiction: (1) where the plaintiff's claims contain frivolous attempts to invoke CAFA jurisdiction; or (2) where the plaintiff's claims lack the expectation that a class may be eventually certified. Id. at 1271 (citations omitted). In these situations, the panel reasoned, dismissal is appropriate because subject matter jurisdiction can be said to have never existed in the first place. Id. at 1271.

As noted above, the Wright panel, although decidedly reversing course, did not explicitly overrule Walewski; it simply made no mention of the opinion. Nonetheless, although Wright did not explicitly overrule Walewski, the Court finds that it is bound to follow Wright. Walewski, although exceedingly analogous to the instant case, and thus highly persuasive, is an unpublished decision and, consequently, it is not binding on the Court. See Bonilla v. Baker Concrete Constr., 487 F.3d 1340, 1345 n.7 (11th Cir. 2007). Wright, on the other hand, is a published panel decision issued after Walewski, and, therefore, it *is* binding on the Court. See

Smith v. GTE Corp., 236 F.3d 1292, 1300 n.8 (11th Cir. 2001); Cargill v. Turpin, 120 F.3d 1366, 1386 (11th Cir. 1997). And under Wright, the answer to the question initially presented by the Court, supra, is: in a putative CAFA class action lawsuit filed directly in federal court and alleging solely state and common law causes of action, the district court *retains* jurisdiction over a plaintiff's remaining, individual claims after denial of class certification, *unless* the plaintiff's claims contain frivolous attempts to invoke CAFA jurisdiction *or* lack the expectation that a class may be eventually certified. 841 F.3d 1271–73.

Applying that general rule here, the Court finds that this action is due to be dismissed. Specifically, although the Court did not "lose" CAFA jurisdiction after denying Plaintiff's motion for class certification, the Court finds that it never had original CAFA jurisdiction over this action to begin with because Plaintiff's claims contain frivolous attempts to invoke CAFA jurisdiction and lack the expectation that a class would be eventually certified. Id.; Arias-Bonello v. Progressive Select Ins. Co., No. 0:17-cv-60897-UU, 2017 WL 7793885, at *2 (S.D. Fla. Dec. 28, 2017) (concluding that "it did not have original jurisdiction over [the plaintiff's] [c]omplaint, as [the plaintiff's] [c]omplaint was nothing more than a frivolous attempt to invoke CAFA jurisdiction to bring a dispute hinging on Florida state law into Federal court," and because a class was "unlikely to be certified" due to "the myriad of individualized issues concerning, among other things, whether each

putative class member entered into an enforceable contract and whether Defendant's breach caused each putative class member to suffer damages"); see also Ayers v. State Farm Mutual Automobile Ins. Co., et al., No. 6:17-cv-1265-RBD-TBS, 2017 WL 6524001, at *2 (M.D. Fla. Dec. 21, 2017) (explaining that CAFA is "a narrowly-tailored expansion of federal diversity jurisdiction to ensure that class actions that are truly interstate in character can be heard in federal court").

Under CAFA, federal district courts have original jurisdiction over civil class action lawsuits when three requirements are met:

(1) The proposed class contains at least 100 members;

(2) There is minimal diversity (*i.e.*, at least one plaintiff class member is diverse from at least one defendant); and

(3) The aggregate amount in controversy exceeds $5 million.

See 28 U.S.C. §§ 1332(d)(2), (5)(b); see also Dudley v. Eli Lilly & Co., 778 F.3d 909, 911 (11th Cir. 2014). Here, the entirety of Plaintiff's jurisdictional allegation in her complaint provides:

> This Court has subject matter jurisdiction under [CAFA], because the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and this is a class action in which a member of the Class and Defendant are citizens of different states.

(Doc. 1 at ¶3). As an initial matter, Plaintiff cannot satisfy Rule 8(a)(1)'s requirement for a short and plain statement of jurisdiction by simply regurgitating the statutory elements. Moreover, Plaintiff's complaint fails to include *any*

Case No.: 8:16-cv-3255-EAK-SPF

allegations that the proposed class contains at least 100 members. Plaintiff's mere threadbare recitals of only two of the three elements necessary for federal subject matter jurisdiction under CAFA are insufficient and constitute a frivolous attempt to invoke the Court's CAFA jurisdiction.

Additionally, Plaintiff's claims lack the expectation that a class would be eventually certified. Wright, 841 F.3d 1271–73; see also Arias-Bonello, 2017 WL 7793885, at *2. To be sure, the Court previously denied Plaintiff's motion for class certification. (Doc. 105). Moreover, given, *inter alia*, the administrative infeasibility of Plaintiff's chosen method of identifying class members and the uniqueness of each proposed class member's sales experience with AFI, it was, *from the outset*, unlikely that a class would be eventually certified in this case.

## III. Conclusion

Accordingly, it is **ORDERED** and **ADJUDGED** that this action is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction. The Clerk is directed to close the case and terminate any pending motions.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida this 7th day of November, 2018.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Case No.: 8:16-cv-3255-EAK-SPF

Copies Furnished To:

Counsel/Parties of Record